UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H.L. BRANDSTATT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KENNETH CLARK,<br><br>　　　　Respondent. | Case No.: 1:22-cv-00299-BAK (SKO) (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

　　　　Petitioner filed a Petition for Writ of Habeas Corpus on March 15, 2022. (Doc. 1.) The petition does not challenge the underlying conviction; it instead presents claims concerning the conditions of his confinement. For this reason, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.     Civil Rights Claims

Petitioner does not challenge his conviction on certain claims, and is instead making complaints concerning the conditions of confinement.  Petitioner seeks release from custody due to alleged mistreatment by medical staff, insufficient space, denial of access to the law library, and interception of legal mail.  (Doc. 1 at 4-5.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for these complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983.  However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.  Here, the Court does not find recharacterization to be appropriate.  Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, the petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 7, 2022**                     /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE