UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H.L. BRANDSTATT,<br><br>Petitioner,<br><br>v.<br><br>KENNETH CLARK,<br><br>Respondent. | No. 1:22-cv-00299-DAD-BAK (SKO)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 8) |

Petitioner William H.L. Brandstatt is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 8, 2022, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed due to petitioner's failure to state a cognizable claim for federal habeas relief. (Doc. No. 8.) In particular, the magistrate judge found that the "petition does not challenge [petitioner's] underlying conviction" and "instead presents claims concerning the conditions of his confinement," though petitioner's allegations in this regard (of mistreatment by staff, insufficient space, law library access, and legal mail interception) were too vague for the court to construe the petition as a civil rights action under 42 U.S.C. § 1983 and convert this action accordingly. (*Id.* at 2.) The magistrate judge also

1

recommended that the Clerk of the Court be directed to provide petitioner with a blank civil rights complaint form. (*Id.*) The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id*. at 3.) On May 4, 2022, petitioner timely filed objections to the pending findings and recommendations. (Doc. No. 9.)

In his objections, petitioner asserts that because the state court sentencing judge swore on oath to the United States Constitution and there was a United States flag in the courtroom during his sentencing, his constitutional rights are now being violated by the prison staff. (Doc. No. 9.) Petitioner's objections simply do not address the pending findings and recommendations. Rather, petitioner's objections lend further support to the magistrate judge's conclusion that petitioner's alleged grievance appears to be with respect to a claimed violation of his civil rights, which is not a basis for the granting of federal habeas relief.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes the findings and recommendations are supported by the record and by proper analysis.

Having concluded that the pending petition must be dismissed, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the court finds that reasonable

/////

jurists would not find this court's determination that petitioner's claim is not cognizable in federal habeas to be debatable. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on April 8, 2022 (Doc. No. 8) are adopted in full;

2. The petition for writ of habeas corpus is dismissed due to petitioner's failure to state a cognizable claim for federal habeas relief;

3. The court declines to issue a certificate of appealability;

4. The Clerk of the Court is directed to mail petitioner a blank civil rights complaint form; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 9, 2022**

UNITED STATES DISTRICT JUDGE